**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 03 CR 54** |
| **v.** | ) | |
| | ) | **HONORABLE DAVID H. COAR** |
| **SERGIO TELLEZ-BOIZO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a limited remand from the Seventh Circuit Court of Appeals pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). This Court is charged with determining whether it would have imposed a different sentence on Defendant Sergio Tellez-Boizo ("Defendant"), had the Federal Sentencing Guidelines ("Guidelines") been considered advisory rather than mandatory at the time of sentencing. After reviewing the parties' submissions and the pre-sentence report, this Court concludes that it would apply the same sentence.

**BACKGROUND**

On January 21, 2003, Defendant was indicted for being unlawfully present in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Defendant pled guilty to the indictment, and a sentencing hearing was held on August 26, 2003. At sentencing, this Court denied Defendant's objection to a finding of 13 points of criminal background in the pre-sentence investigation, amounting to a criminal history level of VI. Defendant also moved for a downward departure based on alleged overstatement of that history, which this Court also denied. Both of these

requests were denied.  This court sentenced Defendant to the low end of the 77 to 96 month

range that was determined under the Guidelines using an offense level of 21 and a criminal

history category of VI.

At sentencing, the court made the following statement:

> Mr. Tellez-Boizo, the manner in which the law treats illegal reentry cases is to my way of thinking odd.  The punishment can be very harsh in these cases, and I generally do not favor the approach that the Congress has taken – the Congress and the Sentencing Commission have taken in these cases.  But that is their right to set policy and not mine.
>
> Having said that, it is perfectly rational to treat people differently who have illegally reentered the United States based on their criminal background.  The United States certainly has a rational reason for exacting a more severe punishment for people who have committed crimes in this country and illegally reentered than those who have not committed crimes or have committed very few crimes.
>
> So my disagreement is not with the overall structure.  It is with how the law affects particular defendants.  Now, your criminal history is shameful.  And for that reason merits very little sympathy from the Court in imposing sentence.

Sentencing Tr. at 17.

This court also suggested that it had little desire to apply the low end of the range, much

less grant a downward departure from it:

> [A] sentence at the low end of the guideline range I think adequately addresses the legitimate concerns of the sentencing policy.  And for that reason I will accept the suggestion of your attorney and sentence you at the low end of the guideline range.  I do that, however, with some reluctance given your prior criminal involvement.

Sentencing Tr. at 17.

Defendant appealed, and the Seventh Circuit affirmed on October 25, 2004.  A Petition

for Writ of Certiorari to the Supreme Court resulted in a vacation and remand for further

consideration in light of *United States v. Booker*, 543 U.S. 220, 246-49 (2005).  The Seventh

Circuit thereby issued a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005).

Both sides filed briefs on the *Paladino* issue. This Court has reviewed the parties' submissions. As of this writing, Defendant has served approximately 46½ months of his 77-month sentence.

## LEGAL BACKGROUND

Congress promulgated the Guidelines in 1987. *See* 18 U.S.C. §3553; *see also United States v. Hanhardt*, 424 F.Supp.2d 1065, 1073 (N.D.Ill. 2006). In *Booker*, the Supreme Court concluded that mandatory imposition of the sentences set out in the Guidelines, without the use of a jury as factfinder, on certain issues violated the Sixth Amendment. *See Booker*, 543 U.S. 220. If the Guidelines had not been considered mandatory, the Supreme Court noted, no Sixth Amendment problem would have been raised. *See id.* at 233.

In response, some defendants sentenced in the Seventh Circuit before the *Booker* decision "are now given limited remands to re-evaluate their sentences under the factors contained in 18 U.S.C. §3553." *Hanhardt*, 424 F.Supp.2d at 1073 (citing *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *Paladino*, 401 F.3d at 484). These limited remands – or "*Paladino* remands" – are meant only to enable the district judge to signal to the Court of Appeals "whether [the defendant's] sentence would have been different had the Guidelines been applied as advisory rather than mandatory." *Id.* (citing *United States v. Santiago*, 428 F.3d 699, 705-06 (7th Cir. 2005); *Paladino*, 401 F.3d at 484).

When considering the remand, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*,

415 F.3d 606, 608 (7ᵗʰ Cir. 2005). "Therefore, the defendants must rebut the presumption of reasonableness attached to the Guidelines sentences 'by demonstrating that [their] sentence[s][are] unreasonable when measured against the factors set forth in [18 U.S.C.] §3553(a)'." *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006) (citations omitted). These factors include the nature and circumstances of the offence, §3553(a)(1); the history and characteristics of the defendant, §3553(a)(1); the kinds of sentences available, §3553(a)(3); the sentencing range established under the Guidelines (subject to amendment), §3553(a)(4); any pertinent policy statement issued by the U.S. Sentencing Commission (subject to amendment), §3553(a)(5); the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct, §3553(a)(6); and the need to provide restitution to any victims of the offense, §3553(a)(7). In addition, the sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational, medical, or correctional treatment. *See* 18 U.S.C. § 3553.

As noted, if the Guidelines are not mandatory, the Sixth Amendment problem is resolved. *See, e.g., Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." (citations omitted)); *see also United States v. Dean*, 414 F.3d 725, 730 (7ᵗʰ Cir. 2005) ("With the guidelines now merely advisory, factfindings

that determine the guidelines sentence do not determine the actual sentence, because the sentencing judge is not required to impose the guidelines sentence; and so the Sixth Amendment is not in play."

## ANALYSIS

Defendant argues that a downward departure was warranted in this case, and would likely have been granted had the Guidelines at the time been advisory rather than mandatory. He first cites to this Court's comments at sentencing – which referenced some oddities in the law of reentry – to indicate that the Guidelines were followed with reluctance. However, this in and of itself is not adequate grounds for believing that the sentence should be reconsidered. At sentencing, this Court made clear that while the structure of reentry law results in some anomalous results in individual instances, the overarching approach has a basis in "rational reasons" that this court saw no reason to question. Particularly in this instance, where a defendant's criminal history is "shameful," this Court saw no reason to deviate from the guidelines then and does not see that it is appropriate now.

Defendant also attempts to show that the disparity between reentry sentences in this district and those of districts implementing so-called "fast-track" programs urges a downward departure from the Guidelines range. In support, he points to two previous opinions addressing sentencing issues in cases involving illegal reentry.[1] In those cases, this Court chose to follow Judge Kennelly[2] in reasoning that it is unwarranted to have a disparity in sentences between fast-

---

[1]*United States v. Serna-Plague*, 05 CR 371 and *United States v. Jimenez-Calderon*, 04 CR 854.

[2]*See United States v. Medrano-Duran*, 04 CR 884 (Kennelly, J.).

track jurisdictions, which allow significant reductions for reentry Defendants who plead guilty, and the Northern District of Illinois, which has no such program. However, as the government points out, Defendant "has failed to show how the facts of his case and of his background qualify him for such a treatment." In this instance, the disparity that is created by the existence of fast track processes, while compelling, is but one of many factors that this Court must consider. *See* 28 U.S.C. §3553(a). In order to reflect Congress's intent in making reentry a crime, and the need to determine a sentence that would deter such conduct in the future, this Court would have applied the same sentence of seventy-seven months had the Guidelines been advisory rather than mandatory. While this Court continues to agree with Judge Kennelly that fast-track inconsistencies may be troubling in some instances, this does not alter the fact that Defendant's sentence, in light of his individual situation, was not "unreasonable when measured against the factors set forth in §3553(a)." *Spano*, 447 F.3d at 519.

The Seventh Circuit recently noted that "[o]n a *Paladino* remand a judge need not employ a full-fledged methodology for measuring the reasonableness of the Guidelines sentence against §3553(a)." *Spano*, 447 F.3d 517 (citing *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). The Court of Appeals clarified: "[a]nd the need for a judge to explain in detail his consideration of the §3553(a) factors when choosing to stick with the Guidelines sentence is proportional to the arguments made by the defendants...When the judge is not presented with much, he need not explain much." *Id. (*citation omitted). In this instance, Defendant has relied only on a selective quotation of this Court at sentencing, and consideration in the courts of this circuit of just one of the Section 3553 factors. At this stage, this Court reviews whether it would have imposed the same sentence if operating under the understanding that the Guidelines are

advisory.  The presumption is that the original sentence imposed is reasonable; Defendant is

required to rebut that presumption but has failed to do so.  Sentencing Defendant below the

Guideline range would "subvert the goals of the U.S. Sentencing Commission and lead to

unwarranted sentencing disparities which would in turn fail to protect the public."  *Spano*, 411

F.Supp.2d at 941.  Consequently, this Court would sentence Defendant to seventy-seven months,

the same period of time that was originally imposed.

## CONCLUSION

For the foregoing reasons, this Court concludes that it would have given Defendant the

same sentence if the Guidelines had been advisory rather than mandatory.

Enter:


/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **November 21, 2006**